FILED

2011 Jul-18  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| THERESA F. JOHNSON, as the personal representative of the Estate of AUBREY A. JOHNSON | } } } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | |
| | } | |
| CITY OF BIRMINGHAM, a municipal corporation; BIRMINGHAM POLICE DEPARTMENT, a public entity; A.C. ROPER, Chief of Birmingham Police Department, individually and in his official capacity; OFFICER ANDERSON DUNNING, individually and in his official capacity; and OFFICER SANDY JACKSON, individually and in his official capacity | } } } } } } } } } } } | Civil Action No. 2:10-cv-2630-SLB |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Birmingham Police Department's Motion to Dismiss Defendant Birmingham Police Department.  (Doc. 11.)[1] Plaintiff has filed suit against the Birmingham Police Department (and other defendants) alleging causes of action for excessive force (Count I), negligent failure to train and supervise (Count II), and the tort of outrage (Count III).  (Doc. 1 at 1-7.)  Upon

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

consideration of the record, the Birmingham Police Department's submission,[2] and the

relevant law, the court is of the opinion that the Motion to Dismiss Defendant

Birmingham Police Department, (doc. 11), is due to be granted.

## I.  MOTION TO DISMISS STANDARD

Under Fed. R. Civ. P. 12(b)(6), a party may move the court to dismiss a case based

on a failure to state a claim upon which relief can be granted.  When deciding a motion to

dismiss under 12(b)(6), the court "must accept the allegations set forth in the complaint as

true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see*

*also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> The allegations in the complaint are taken as true and construed in the light
> most favorable to the plaintiffs.  [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222,
> 1225 (11th Cir.2002).]  However, the complaint's "[f]actual allegations must
> be enough to raise a right to relief above the speculative level." *Bell Atlantic*
> *Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929
> (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th
> Cir.2007).  "The Supreme Court's most recent formulation of the pleading
> specificity standard is that 'stating such a claim requires a complaint with
> enough factual matter (taken as true) to suggest' the required element." *Watts*,
> 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965).  This rule does not
> "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct.
> at 1965.  Instead, the standard "simply calls for enough fact to raise a
> reasonable expectation that discovery will reveal evidence" of the required
> element.  *Id*.  "It is sufficient if the complaint succeeds in 'identifying facts
> that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d
> at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

---

[2] The court entered an Order setting the Birmingham Police Department's Motion
to Dismiss on a briefing schedule.  (*See* doc. 12.)  Pursuant to that Order, any opposition
to the Motion to Dismiss was due on or before April 14, 2011.  (*Id.* at 1.)  Plaintiff did not
file an opposition.

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 1338 (M.D. Ala. 2001) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). However, taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)(citations omitted).  A court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## II. FACTUAL AND PROCEDURAL HISTORY

Briefly, the facts of the case, taken from the Complaint, (doc. 1), and assumed true for purposes of a motion to dismiss, are as follows:

6. Plaintiff, THERESA JOHNSON, IS the Personal Representative of the ESTATE OF AUBREY JOHNSON, the decedent. She is a resident of Birmingham. Alabama.

   . . .

8. Defendant Birmingham Police Department . . . is an administrative body of the City of Birmingham.

   . . .

10. Defendant Sandy Jackson (hereinafter referred to as "Jackson") was, at all times relevant hereto, a police officer for the Birmingham Police Department.  . . .

11. Defendant Anderson Dunning (hereinafter referred to as "Dunning") was, at all time relevant hereto, a police officer for the Birmingham Police Department.  . . .

12. On September 28, 2008, Dunning was in training and under the supervision of Jackson. Dunning and Jackson responded to a 911 call coded a "domestic violence call."

13. Prior to reaching the destination of the domestic call, the officers encountered Decedent, Aubrey Johnson, traveling, in a vehicle, away from the area of the domestic call. Believing Decedent to be the perpetrator related to the domestic violence call, they attempted to pull decedent over for questioning.

14. Sometime during the pursuit, Decedent exited his vehicle and began running on foot. Dunning and Jackson pursued him. Shortly after the foot chase began, Jackson stopped and called over the radio to Dunning to cease the pursuit. Choosing to disobey his superior officer, Dunning continued his pursuit of Decedent and apprehended him somewhere in the vicinity of Decedent's final resting place at the rear of 7917 4th Ave., Birmingham, Alabama.

15. The next contact Jackson had with Dunning indicated Dunning had apprehended Decedent, had detained him, and had discharged one shot from his police weapon into the back of Decedent's head, killing Decedent instantly.

16. Decedent had surrendered to Dunning prior to the shooting. Following Decedent's death, plant matter was found on the front of his shirt, pants, socks, and shoes, indicating that Decedent was lying on the ground, in a surrendered position. The only item found on Decedent, was a cell phone.

17. Witnesses indicate Decedent had surrendered to Dunning and posed no threat to Dunning's person when Dunning unjustifiably shot Decedent in the back of the head.

4

18. As a direct and proximate result of the facts aforesaid, Plaintiff's Decedent suffered death and Plaintiff suffered emotional distress, psychological injuries, and mental anguish.

(*Id.* ¶¶ 6-18.)

Plaintiff filed her Complaint against defendants, including the Birmingham Police Department, on September 28, 2010.  (*Id.* at 1.)  In response, the Birmingham Police Department filed its Motion to Dismiss.  (Doc. 11.)  All other defendants filed Answers to the Complaint.  (*See* docs. 7, 8, 9, & 10.)  Plaintiff did not file an opposition to the Motion to Dismiss, which is now under submission.

## III. <u>DISCUSSION</u>

In its Motion to Dismiss, (doc. 11), the Birmingham Police Department contends "the department is not a legal entity subject to suit in its own capacity" and that "[a]ny claims against it are due to be dismissed."  (*Id.* at 2.)  The court agrees.

In Alabama, municipal corporations may sue and be sued.  Ala. Code § 11-40-1. Certain Boards or Authorities within the municipality may incorporate and become legal entities, separate from the municipal corporation, that may sue and be sued.  *See*, *e.g.*, Ala. Code § 11-47-218 (public park authority); Ala. Code § 11-49A-8 (transit authority); Ala. Code § 11-50-314 (water, sewer, gas, and electric boards).  However, municipal police departments are not considered such separate legal entities capable of being sued. *See Carter v. City Police for Dothan*, No. 1:09-CV-813-ID, 2009 WL 3156967, *1 (M.D. Ala. Sept. 28, 2009)(citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)); *see*

5

*also Lawal v. Fowler*, 196 Fed. Appx. 765, 768 (11th Cir. 2006) ("Because sheriff's departments and police departments are not usually considered legal entities subject to suit, we see no error in the district court's decision that Lawal failed to state a claim against the Douglas County Sheriff's Department.")(quotations and citation omitted).

Therefore, plaintiff cannot sue the Birmingham Police Department and the Motion to Dismiss Defendant Birmingham Police Department, (doc. 11), is due to be granted.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that the Motion to Dismiss Defendant Birmingham Police Department, (doc. 11), is due to be granted. All claims against the Birmingham Police Department are due to be dismissed with prejudice.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 18th day of July, 2011.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE